# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Petitioner,** | ) | **8:07CV341** |
| | ) | **8:07CV343** |
| v. | ) | **8:07CV344** |
| | ) | |
| **KENNETH KOHMETSCHER** | ) | **ORDER** |
| **AS MEMBER OF KEN'S** | ) | |
| **CONSTRUCTION, LLC,** | ) | |
| | ) | |
| **Respondent.** | ) | |

    This matter is before the court on the petitioner's motions to consolidate (Filing No. 3 in Case No. 8:07CV341, Filing No. 3 in Case No. 8:07CV343 and Filing No. 3 in Case No. 8:07CV344).  The petitioner contends the above-captioned cases should be consolidated because the issues set forth in each petition are the same, and each petition seeks the enforcement of an Internal Revenue Summons issued to the same Respondent.  The only difference between the three petitions is that each seeks to enforce a different summons requesting different information, to wit, the collection of tax liabilities (8:07CV341), employment tax liability (8:07CV343), and income tax liability (8:07CV344).  Fed. R. Civ. P. 42(a) provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

    "Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual.  The consent of the parties is not required by the rule."  9 Charles A. Wright & Arthur R. Miller, **Federal Practice & Procedure:** Civil 2d § 2383 (1995).  Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court.  ***United States Envtl. Prot. Agency v. Green***

*Forest*, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The court must weigh the savings of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause. Wright & Miller, *supra*, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . . ." *Id.* Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." *Id.* § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

The court finds that Case Nos. 8:07CV341, 8:07CV343, and 8:07CV344 present common issues of law and fact. Furthermore, consolidation of these matters will promote judicial economy. The same parties and claims are involved in both actions. Thus, the court believes consolidation will not lead to inconvenience, inefficiency, or unfair prejudice. Therefore, pursuant to Fed. R. Civ. P. 42(a), *United States of America v. Kenneth Kohmetscher As Member of Ken's Construction LLC*, 8:07CV341, *United States of America v. Kenneth Kohmetscher As Member of Ken's Construction LLC*, 8:07CV343, and *United States of America v. Kenneth Kohmetscher As Member of Ken's Construction LLC*, 8:07CV344, will be consolidated for all purposes.

**IT IS ORDERED:**

1. The petitioner's motions to consolidate (Filing No. 3 in Case No. 8:07CV341, Filing No. 3 in Case No. 8:07CV343, and Filing No. 3 in Case No. 8:07CV344) are granted.

2. Case Nos. 8:07CV341, 8:07CV343, and 8:07CV344 are hereby consolidated for all purposes.

DATED this 4th day of September, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge